UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARTIN MEDINA, JR.,

　　　　　　　Petitioner,

　　v.

THE UNITED STATES OF AMERICA,

　　　　　　　Respondent.

Case No.　C13-788RSL

ORDER DENYING MOTION
TO VACATE, SET ASIDE, OR
CORRECT SENTENCE
UNDER 28 U.S.C. § 2255

## I.　INTRODUCTION

This matter comes before the Court on Petitioner Martin Medina, Jr.'s motion to vacate, correct, or set aside his conviction and sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 1), Petitioner's motion for trial transcripts (Dkt. # 5), Petitioner's motion to continue the noting date (Dkt. # 7), and Petitioner's motion for leave to file late reply in support of his § 2255 motion (Dkt. # 8).[1]  Petitioner challenges his conviction of one count of assault in a federal prison and two counts of witness tampering in CR04-00093, his conviction of four counts of distribution of methamphetamine in CR05-00154RSL, and the 188-month sentence imposed by the Court.  Dkt. # 1 at 1.[2]

---

[1]  The Court GRANTS Petitioner's unopposed motions to continue the noting date and for leave to file a late reply (Dkt. # 7, 8).  The Court has, therefore, considered Petitioner's reply memorandum filed after the original noting date of his § 2255 motion.  Dkt. # 9.

[2]  "Dkt." refers to docket entries in Petitioner's § 2255 case.  "CR" refers to docket entries in the underlying criminal case, CR04-00093-RSL.  "CR2" refers to docket entries in the related criminal case, CR05-00154-RSL.

## II. BACKGROUND

On March 3, 2004, Petitioner, along with four co-defendants, was indicted on one count of conspiracy to distribute cocaine and methamphetamine and four counts of distribution of methamphetamine. CR # 28. A little more than one year later, the grand jury returned a superseding indictment charging Petitioner with four counts of distribution of methamphetamine, one count of assault in a federal prison, and two counts of witness tampering. CR # 165. On April 8, 2005, the Court dismissed without prejudice the charges related to distribution of methamphetamine due to a violation of Petitioner's rights under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*[3] CR # 182.

One week after the distribution charges were dismissed, Petitioner was indicted in a new case, CR05-00154-RSL, on four counts of distribution of methamphetamine. CR2 # 1. In early June 2005, Petitioner proceeded to back-to-back trials in the two cases against him. A jury found Petitioner guilty of assault in a federal prison and two counts of witness tampering. CR # 255. The following week, Petitioner waived his right to a jury trial, CR2 # 40, and the Court found Petitioner guilty of four counts of distribution of methamphetamine, CR2 # 43. The two cases were consolidated for sentencing purposes. On September 30, 2005, the Court imposed a sentence of 188 months of imprisonment followed by five years of supervised release. CR # 275 at 1-4.

Petitioner's counsel at the time of sentencing filed a notice of appeal in both cases the day Petitioner was sentenced. CR # 271; CR2 # 53. Shortly thereafter, the Ninth Circuit Court of Appeals consolidated the appeals and appointed new counsel for

---

[3] The assault and witness tampering charges in the superseding indictment were not dismissed because the Court had severed those charges prior to dismissal of the distribution of methamphetamine charges. A new speedy trial clock began for these charges when the superseding indictment was filed as they were not part of the original indictment. See CR # 182 at 2 n.1.

Petitioner.  CR2 # 61.  The court of appeals heard oral argument on February 6, 2008, and issued an opinion affirming the district court on April 29, 2008.  CR # 309-2.

Petitioner filed this § 2255 motion on May 2, 2013.  Dkt. # 1.  In his motion, Petitioner contends that he is entitled to relief under § 2255 based on the following grounds: (1) the original indictment was "defective, faulty," (2) the prosecutor failed to disclose evidence favorable to him, (3) he was denied effective assistance of counsel during pre-trial proceedings, at trial, at sentencing, and on appeal, and (4) procedural default due to violations of the Speedy Trial Act.  Dkt. # 1 at 5-6.

### III.  DISCUSSION

**A.  Timeliness**

A motion by a federal prisoner for post conviction relief under 28 U.S.C. § 2255 is subject to a one-year statute of limitation.  This one-year limitation period runs from the latest of the following four events:  (1) the date the judgment of conviction becomes final; (2) the date a government-created impediment to filing is removed; (3) the date the right asserted is initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review; or (4) the date the facts supporting the claims become discoverable.  28 U.S.C. § 2255(f)(1)-(4).

Here, subsections (f)(1), (f)(2) and (f)(4) are not applicable.  First, when a federal prisoner's direct appeal is unsuccessful, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."  Clay v. United States, 537 U.S. 522, 525 (2003).  The date by which Petitioner was required to file a petition for certiorari was 90 days after the Ninth Circuit's opinion was issued on April 29, 2008.  Sup. Ct. R. 13.  Therefore, Petitioner's conviction became final on July 27, 2009.  Second, with respect to subsections (f)(2) and (f)(4), Petitioner does not suggest that a government-created

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 3

impediment was recently removed or that he recently discovered facts that support his claims.

Rather, Petitioner contends that his motion is timely pursuant to subsection (f)(3) based on the Supreme Court's decision in <u>Maples v. Thomas</u>, – – – U.S. – – – –, 132 S.Ct. 912, 181 L.Ed.2d 807 (2012). Dkt. # 9 at 1. In <u>Maples</u>, the Supreme Court held that abandonment by post-conviction counsel could provide cause to excuse procedural default of a habeas claim. <u>Maples</u> 132 S.Ct. at 927. Even assuming that the Supreme Court recognized a new right in <u>Maples</u> and it applies retroactively to cases on collateral review, Petitioner's motion is still untimely, as it was not filed within one year of the date on which the right asserted was initially recognized by the Supreme Court. <u>Dodd v. United States</u>, 545 U.S. 353, 357 (2005) ("[28 U.S.C. § 2255(f)(3) unequivocally identifies one, and only one, date from which the 1-year limitation period is measured: 'the date on which the right asserted was initially recognized by the Supreme Court.' ") (quoting 28 U.S.C. § 2255(f)(3)). The Supreme Court issued its decision in <u>Maples</u> on January 18, 2012. <u>Maples</u>, 132 S.Ct. at 912. Because Medina did not file his § 2255 petition until May 2, 2013, more than one year after the Court's decision in <u>Maples</u>, his petition is untimely. <u>Dodd</u>, 545 U.S. at 360 (petitioner's § 2255 motion filed 22 months after Supreme Court decision was not timely under § 2255(f)(3)).

**B. Equitable Tolling**

"A § 2255 movant is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." <u>United States v. Buckles</u>, 647 F.3d 883, 889 (9th Cir. 2011) (internal quotation marks and citation omitted). A petitioner must show that the extraordinary circumstances caused his untimeliness. <u>Id.</u>

Petitioner's reliance on the Supreme Court's decision in <u>Maples</u>, although not persuasive for purposes of his timeliness argument under § 2255(f)(3), is relevant to the Court's determination of whether Petitioner is entitled to equitable tolling of the statute of limitations. In <u>Maples</u>, an Alabama state prisoner was sentenced to death for the murder of two individuals. <u>Maples</u>, 132 S.Ct. at 916. While his state post-conviction petition was pending, the attorneys representing him took new jobs which prohibited them from continuing to represent him. However, they did not tell the petitioner of these changes or seek leave of court to withdraw. <u>Id.</u> at 916-17. The state trial court thereafter denied the petition and because the petitioner was not represented by counsel and did not receive notice of the court's denial, the time to appeal that denial expired. <u>Id.</u> at 917. The petitioner's federal habeas petitions were denied based on the procedural default in state court. The Supreme Court held that the lawyers' abandonment of the petitioner left him without any clue that he needed to act on his own behalf to seek additional state post-conviction relief and these extraordinary facts constituted cause to excuse the procedural default. <u>Id.</u>

Here, Petitioner argues that his appellate attorney did not have the transcripts when he filed his appellate brief, did not raise the issues on appeal that Petitioner wanted him to pursue, did not send him the transcripts of his trials, and did not respond to his letters or give him notice of withdrawal. Dkt. # 9 at 5-8. Based on these allegations, Petitioner contends that he was abandoned like the petitioner in <u>Maples</u>. <u>Id.</u> Petitioner, however, does not assert, nor does the record show, facts sufficient to establish abandonment or how counsel's alleged actions hindered the timely filing of his § 2255 petition. First, contrary to Petitioner's contention, the record reveals that the trial transcripts were filed before Petitioner's appellate brief was submitted. CR # 284-291, 293; CR2 # 64-68. Second, Petitioner fails to provide any causal connection between counsel's alleged deficiencies and the near three-year delay in filing his § 2255 motion.

Although counsel's lack of communication may have impeded the timeliness of a petition for certiorari, the Court's inquiry at this time is not whether his failure to file a certiorari petition should be excused, but whether his failure to timely file his § 2255 motion should be excused.

Petitioner has not shown that his counsel's alleged conduct constitutes extreme circumstances that caused him to file an untimely petition. Buckles, 647 F.3d at 890 (acknowledging that egregious misconduct by counsel may create extraordinary circumstances warranting equitable tolling, but holding that the misconduct alleged did not affect the timeliness of the petitioner's § 2255 motion). In sum, Petitioner has not presented facts indicating that counsel's conduct was so egregious as to amount to abandonment or extraordinary circumstances beyond his control. See Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2563-64, 177 L.Ed.2d 130 (2010) (explaining that the circumstances of unprofessional conduct must be "egregious" or "extraordinary" rather than "garden variety" to support a claim for equitable tolling). Furthermore, Petitioner has not shown that he has been diligent in pursuing his rights. Therefore, Petitioner has not met the very high threshold to trigger equitable tolling. United States v. Aguirre-Ganceda, 592 F.3d 1043, 1045 (9th Cir. 2010).

**C. Motion for Transcripts**

Petitioner asks the Court to order the government to produce several records and transcripts, including the complete transcripts of Petitioner's two trials and more than 50 records from the docket in his two cases. Dkt. # 5; Dkt. # 9 at 11-12.

Transcripts are not generally produced in paper form and will be provided to a party only for a fee. See 28 U.S.C. §753(f). Transcripts of a hearing may be provided to a petitioner in a § 2255 case at no expense where (1) the movant is proceeding *in forma pauperis*, (2) the district court certifies that the motion is not frivolous, and (3) the transcript is needed to decide the issue. United States v. MacCollom, 426 U.S. 317,

320-21 (1976).  Having reviewed Petitioner's § 2255 motion, the government's response, and Petitioner's reply, the Court finds that the transcripts are not needed to decide Petitioner's claims because his petition is untimely and he is not entitled to equitable tolling.

**D.  Evidentiary Hearing**

Petitioner also requests an evidentiary hearing pursuant to 28 U.S.C. § 2255(b) regarding the location of the trial transcripts and whether they were ever produced.  Dkt. # 9 at 11-12.  Ninth Circuit law does not require an evidentiary hearing on a motion to vacate under § 2255 if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  United States v. Moore, 921 F.2d 207, 211 (9th Cir. 1990).  Because the record clearly demonstrates that Petitioner's § 2255 petition was filed outside the statute of limitations and he is not entitled to equitable tolling, Petitioner's request for an evidentiary hearing is DENIED.  See Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) ("A habeas petitioner. . . should receive an evidentiary hearing when he makes a good-faith *allegation that would, if true,* entitle him to equitable tolling.") (emphasis in original) (internal quotation marks and citation omitted).

**E.  Certificate of Appealability**

A petitioner seeking post-conviction relief under § 2255 may appeal a district court's dismissal of his petition only after obtaining a certificate of appealability from a district or circuit court.  A certificate of appealability may issue only where a petitioner has made " a substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(3).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to

proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003).  Under this standard, the Court concludes that Petitioner is not entitled to a certificate of appealability.

## IV.  CONCLUSION

For all of the foregoing reasons, Petitioner's motion to vacate, set aside, or correct sentence (Dkt. # 1) and his motion for trial transcripts (Dkt. # 5) are DENIED. Petitioner's motion to extend the noting date (Dkt. # 7) and his motion for leave to file late reply (Dkt. # 8) are GRANTED.  The Court declines to issue a certificate of appealability.

DATED this 3rd day of February, 2014.


Robert S. Lasnik
United States District Judge